UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SANA KHATEEB,<br><br>          Plaintiff,<br><br>       v.<br><br>REGENTS OF THE UNIVERSITY OF CAIFORNIA, et al.,<br><br>          Defendants. | Case No. 24-cv-04153-RFL<br><br>**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 45, 46 |

Plaintiff Sana Khateeb brought this suit against Defendants Regents of the University of California and Kaiser Foundation Health Plan, Inc. ("KFHP"), alleging that as a student at the University of California, San Francisco School of Pharmacy, she was discriminated against based on her race, national origin, and disability during her Advanced Pharmacy Practice Experiences at Kaiser Community Pharmacy and UCSF Medical Center (the "Kaiser Community APPE" and "UCSF APPE").  Khateeb asserts five claims against the Regents and KFHP: (1) disability discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"), (2) disability discrimination in violation of Section 504 of the Rehabilitation Act, (3) disability discrimination in violation of California Government Code Section 11135, (4) race and national origin discrimination in violation of Title VI of the Civil Rights Act of 1964, and (5) violation of the California Unruh Civil Rights Act.  (Dkt. No. 1 at ¶¶ 66–117.)  The Regents and Kaiser move for summary judgment on all claims against them.  (Dkt. No. 45; Dkt. No. 46.)  For

1

the reasons that follow, the Regents' and KFHP's motions are **GRANTED**.  This order assumes the parties' familiarity with the facts of this case, the applicable legal standards, and both sides' arguments.

## I.      THE REGENTS' MOTION FOR SUMMARY JUDGMENT

The Regents are entitled to summary judgment on all claims.

***ADA and Section 504 Claims.***  The Regents are entitled to summary judgment on Khateeb's disability discrimination claims under the ADA and Section 504 because Khateeb has not adduced sufficient evidence that the Regents discriminated against her because of her disability.  Khateeb has submitted evidence that she had been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), as well anxiety and depression, and requested accommodations accordingly.  However, there is no evidence in the record that the Regents refused any of Khateeb's requests for accommodations.  To the contrary, Khateeb's two accommodation letters from UCSF (Dkt. No. 45-6, Exhibits 1, 4) confirm that UCSF granted every accommodation Khateeb affirmatively requested (Dkt. No. 45-6 ("Montgomery Decl.") at ¶¶ 2–3, 5–7).

Khateeb's first accommodation letter dated March 24, 2023, provided for her to receive advance notice for didactic class assignments.  Khateeb states, via declaration, that she had orally requested that she generally be given "more time to complete certain tasks" and "more time to learn certain things," but did not ask for anything more specific because she had never done work of this type before.  (Dkt. No. 49-1 at ¶ 3.)  There is no evidence, though, that Khateeb expressed at the time that the advance notice for didactic assignments was insufficient to accommodate her general request for "more time" or that UCSF was deliberately indifferent to an obvious need for an accommodation she had not specifically requested.

Khateeb contends that it was obvious that she needed additional accommodations during her UCSF APPE, for example, additional time to work up patients.  (Dkt. No. 49 at 13.)[1]  She

---

[1] All references to page numbers in documents on the docket refer to ECF pagination.

points to email exchanges involving her preceptors that discussed her difficulties in time management and statements in her preceptors' declarations. (*E.g.*, Dkt. No. 45-3, Exhibit 1; Dkt. No. 45-5, Exhibit 1.)  However, the evidence she points to does not suggest that she exhibited an obvious, generalized need for accommodation or that the Regents were deliberately indifferent to such a need.  The August 30 email exchange reflects only that Khateeb needed more time as to the particular task identified in her email to her preceptors, her Journal Club presentation.  (Dkt. No. 49-2 at 513–14 (email with subject "Journal Club anxiety").)  There is no indication in that email exchange that she required more time to work up patients or to complete other tasks in her UCSF APPE.  Moreover, the other email exchanges and her preceptors' declarations undermine her assertion that her preceptors failed to offer her accommodations despite observing her struggles during the APPE.  Those exchanges instead reveal that Khateeb was provided with supplementary accommodations such as daily meetings to discuss her work and allow her to raise any concerns.  (*E.g.*, Dkt. No. 45-5, Exhibit 2; Dkt. No. 45-3 at ¶ 7.)

When Khateeb eventually requested a new letter of accommodation providing extra time to work up patients during the UCSF APPE, the Regents provided the requested accommodation thirteen days later, on September 28, 2023.  (Montgomery Decl. at ¶¶ 6–7.)  Though Khateeb points to this two-week delay in issuing the updated accommodation letter, that delay is insufficient to support a claim of deliberate indifference absent other evidence that the Regents intended to obstruct or deny the requested accommodations.

Khateeb has therefore failed to proffer sufficient evidence suggesting that the Regents discriminated against her due to her disability.  Accordingly, the Regents' motion for summary judgment on the ADA and Section 504 claims is granted.

***California Government Code Section 11135 Claim.***  The Regents are also entitled to summary judgment on Khateeb's California Government Code Section 11135 claim.  For the reasons discussed above, Khateeb has not adduced sufficient evidence that the Regents discriminated against her because of her disability.  Moreover, Section 11135 provides for only equitable relief, *see* Cal. Gov't Code § 11139, and there is no material evidence of anything to be

enjoined or allegations of future harm, as Khateeb graduated from the UCSF School of Pharmacy in 2024 (Dkt. No. 45-2, Exhibit 1). Therefore, the Regents' motion for summary judgment on the Section 11135 claim is granted.

*Title VI Claim*. Finally, the Regents are entitled to summary judgment on Khateeb's Title VI claim for race and national origin discrimination because the claim relates to the Kaiser Community APPE. There is no evidence that the Regents took any discriminatory actions against Khateeb based on her race or national origin during the UCSF APPE. All of Khateeb's discrimination allegations concerning race and national origin pertain to actions by Kaiser affiliates, not Regents affiliates. (*See, e.g.*, Montgomery Decl. at¶ 4; Dkt. No. 45-7 at 60–61; Dkt. No. 48-1 at ¶¶ 5–16.) Accordingly, the Regents' motion for summary judgment on the Title VI claim is granted.

*Conclusion.* The Regents are entitled to summary judgment on all the claims Khateeb asserts against them. Thus, the motion for summary judgment is granted in its entirety.

## II.   KFHP'S MOTION FOR SUMMARY JUDGMENT

KFHP is entitled to summary judgment on all claims.

*Title VI.* KFHP is entitled to summary judgment on Khateeb's Title VI claim. First, Khateeb does not have statutory standing under Title VI as a participant in a "program or activity" that receives federal funds. To be sure, Khateeb does not need to show that Kaiser's APPE program itself is federally funded. Title VI discrimination claims are limited to "the specific program that receives federal funds." *See Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 636 (1984). The statutory language of Title VI, however, defines a "program or activity" receiving federal funds as encompassing "all of the operations of . . . an entire corporation, partnership, or other private organization, . . . which is principally engaged in the business of providing . . . health care, . . . any part of which is extended Federal financial assistance." 42 U.S.C. § 2000d-4a. Accordingly, it would appear to be sufficient if Khateeb showed that any "part" of KFHP received federal funding.

But Khateeb has failed to carry that burden.  Khateeb has submitted evidence only that Kaiser Foundation Hospitals received federal funding in 2021 from the National Institute of Mental Health for "Mental Health Research Grants."  (Dkt. No. 48-1 at 12.)  While there is evidence in the record that Kaiser Foundation Hospitals is involved in KFHP's operations (Dkt. No. 46-3 at ¶ 2), Khateeb's counsel confirmed at the hearing on the motion that Khateeb offers no evidence that Kaiser Foundation Hospitals is "part of" KFHP.  Khateeb therefore lacks standing to sue under Title VI.

Moreover, summary judgment must be granted in favor of KFHP on this claim for a second independent reason:  Khateeb has not offered sufficient evidence to raise a genuine dispute of material fact as to whether KFHP intentionally discriminated against her because of her race or national origin.  Khateeb has introduced enough evidence that KFHP took "adverse actions" against her when Trasa Hung required her to do more patient consultations in the hospital away from the pharmacy and altered the conditions of her work by imposing a daily "scent test," and when Preston Young required her to go home because she had a "scent."  (Dkt. No. 48-1 at ¶¶ 7, 14; Dkt. No. 46-2 at 63–64, 143–44.)  However, there is insufficient evidence that Hung or Young's decisions had a discriminatory motive.

There is evidence that another coworker, Sharon James, had a discriminatory motive when she complained about Khateeb's supposed scent, given Khateeb's allegations in her declaration that (a) James approached Khateeb from behind and whispered "Indian" in a derogatory fashion during the same time frame and (b) James had made similar scent-related complaints about another "Indian-appearing" employee.  (Dkt. No. 48-1 at ¶¶ 11, 13).  It is undisputed, however, that James was not the one who made any of the decisions to take allegedly adverse actions against Khateeb.  Instead, it is undisputed that Hung, who is not alleged to have a discriminatory motive, independently detected a floral scent from Khateeb, and that Hung imposed restrictions pursuant to Kaiser's scent policy only after detecting that scent herself.  (*E.g.*, Dkt. No. 46-3 at 13.)

It is also undisputed that numerous others who are not alleged to have a discriminatory motive—for instance, Dr. Kirsten Balano and Stephanie Hanton—also detected a floral scent. (Dkt. No. 46-3 at ¶ 14; Dkt. No. 46-2 at 172.)  Some of these individuals had an allergic reaction to the scent and even left work because of it. (*E.g.*, Dkt. No. 46-4 at ¶ 6.)  There is no evidence that these individuals were influenced by external bias in detecting that scent.  James did not supervise any of them and did not work at the same location as some of them, so there is no basis to impute her discriminatory motive to them.  Importantly, there is also no evidence that similarly situated individuals were exempted from the scent policy.  Instead, the evidence in the record is that the scent policy was enforced against others and past scent issues were quickly resolved. (*E.g.*, Dkt. No. 46-3 at 11; Dkt. No. 46-2 at 127.)

Accordingly, there is no evidence that Hung's determination that Khateeb was in violation of the scent policy and that corrective measures had to be taken was a lie or based on discrimination.  Nor is there evidence that Young's decision to send Khateeb home because of her scent had a discriminatory motive.  KFHP's motion for summary judgment as to Khateeb's Title VI claim is granted.

***California Unruh Civil Rights Act Claim.***  KFHP is entitled to summary judgment on Khateeb's discrimination claim under the Unruh Civil Rights Act.  With regard to Khateeb, KFHP is not a "business establishment" as provided by the statute and is therefore not within the Unruh Act's scope.  *See* Cal. Civ. Code § 51.  Khateeb is not in a customer-proprietor relationship with KFHP, as evinced by the fact that she is not paying KFHP to participate in the Kaiser Community APPE.  Khateeb's relationship with KFHP more closely resembles an employer-employee or volunteer-sponsor relationship, which precludes Khateeb from bringing an Unruh claim against KFHP.  *See Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 874 (9th Cir. 1996), *as amended on denial of reh'g* (Apr. 22, 1996), *as amended on denial of reh'g* (June 3, 1996).

Furthermore, for the reasons described above, Khateeb has failed to offer sufficient evidence suggesting that Hung's determination that Khateeb violated the scent policy and

subsequent corrective measures, and Young's decision to send Khateeb home because of her scent, were motivated by discriminatory purposes. Khateeb contends that she did not receive complaints about her scent before her Kaiser Community APPE and that complaints about her smell persisted even after she was asked to work outside the pharmacy building. (Dkt. No. 48-1 at ¶ 5.) But that is not enough to raise a material dispute of fact as to whether the enforcement of the scent policy against her had a discriminatory motive, for the reasons identified above. KFHP's motion for summary judgment as to the Unruh Act claim is granted.

*Conclusion.* KFHP is entitled to summary judgment on all the claims Khateeb asserts against it. Thus, the motion for summary judgment is granted in its entirety.

## III.   CONCLUSION

For the foregoing reasons, the Regents' and KFHP's motions for summary judgment are granted.

**IT IS SO ORDERED.**

Dated: January 28, 2026

RITA F. LIN
United States District Judge

7